Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| JOHN ALBERT ÁLVAREZ CHEVALIER<br><br>Parte Recurrente<br><br>v.<br><br>JUNTA DE LIBERTAD BAJO PALABRA<br><br>Parte Recurrida | TA2026RA00130 | *Revisión Administrativa* procedente de la Junta de Libertad Bajo Palabra<br><br>Caso Núm. 148065 Confinado Núm. B7-12673<br><br>Sobre: Denegación de Concesión Libertad Bajo Palabra |
|---|---|---|

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera

### SENTENCIA

En San Juan, Puerto Rico, a 28 de mayo de 2026.

Comparece ante nosotros el Sr. John Albert Álvarez Chevalier (señor Álvarez Chevalier o recurrente) mediante el recurso de epígrafe[1] y solicita que revoquemos la *Resolución* emitida el 29 de diciembre de 2025, notificada y archivada en autos el 20 de enero de 2026, por la Junta de Libertad Bajo Palabra (Junta).[2] Mediante el referido dictamen, la Junta denegó la concesión del privilegio de libertad bajo palabra al señor Álvarez Chevalier.

La Junta, representada por la Oficina del Procurador General, compareció ante este Tribunal mediante *Escrito en Cumplimiento de Resolución*.[3] También presentó una *Moción Informativa sobre Objeto presentado Físicamente ante el Tribunal de Apelaciones* con el que acompañó "la parte confidencial del expediente administrativo de la Junta".[4]

Examinados los escritos de las partes, los documentos que conforman el apéndice y el anejo confidencial sometido por la Junta, a la luz del derecho aplicable, *confirmamos* la *Resolución* recurrida.

---

[1] *Revisión Administrativa*, SUMAC TA, *Apéndice del recurso*, entrada 1.
[2] *Resolución, Íd.*, Anejo XVII.
[3] *Escrito en Cumplimiento de Resolución, Íd.*, entrada 3.
[4] *Moción Informativa sobre Objeto presentado Físicamente ante el Tribunal de Apelaciones, Íd.*, entrada 4.

**I.**

El señor Álvarez Chevalier cumple con una sentencia de trescientos cincuenta y seis (356) años y cuarenta y cinco (45) días por dos asesinatos; cuatro robos; una tentativa de robo; conspiración; transportación, recibo o disposición de objeto de delito y tentativa o amenaza a testigos; infracciones a los Artículos 5 y 6 (dos cargos), 6-A y 8 (tres cargos), y 8-A de la Ley de Armas de 1951; una infracción al Artículo 2 de la Ley Núm. 15-2011, y una infracción al Artículo 404 de la Ley Núm. 4 de 23 de junio de 1971. La Junta adquirió jurisdicción para considerar el caso del señor Álvarez Chevalier el 1 de abril de 2003. El recurrente extingue, tentativamente, la totalidad de su sentencia el 30 de marzo de 2276.

Luego de reevaluar su caso, el 29 de diciembre de 2025, notificada el 20 de enero de 2026, la Junta emitió una *Resolución* en la que denegó al señor Álvarez Chevalier el privilegio de libertad bajo palabra, basado en que el recurrente no cuenta con un hogar propuesto viable por dos razones: (1) falta de consentimiento de la propietaria de la residencia alquilada propuesta, y (2) el hogar propuesto se encuentra a una distancia menor de quince (15) millas o treinta (30) minutos de noche en automóvil de la residencia de la parte perjudicada.[5] La agencia recurrida no consignó otro factor, razón o criterio adicional para fundamentar su denegatoria al recurrente.[6]

En desacuerdo con la determinación de la Junta, el 6 de febrero de 2026, el señor Álvarez Chevalier presentó una *Moción de Reconsideración.*[7] En síntesis, alegó que cumplía con los requisitos de elegibilidad, según la información del expediente administrativo. Asimismo, su representación legal enfatizó que proveyó el contrato

---

[5] *Resolución, Íd.,* Anejo XVII.
[6] *Íd.* (Énfasis original).
[7] *Moción de Reconsideración, Íd.,* Anejo XVIII.

de arrendamiento en el que consta el consentimiento de la propietaria del hogar propuesto para que el señor Álvarez Chevalier residiera allí. Por último, el abogado reclamó que la distancia entre la residencia propuesta y la de la parte perjudicada no formaba parte del expediente, ni tuvo acceso a dicha información, lo que coartó el derecho del recurrente a confrontar dicha prueba.

Rechazada de plano la moción de reconsideración por la Junta, el 24 de marzo de 2026, el señor Álvarez Chevalier acudió ante este Tribunal de Apelaciones mediante una *Petición de Revisión Administrativa* y apuntó la comisión del siguiente error:

> La Junta de Libertad Bajo Palabra incurrió en un claro y patente abuso de discreción al denegar la concesión de libertad bajo palabra al aquí peticionario, cuando dicha determinación no está fundamentada en evidencia alguna encontrada en el expediente del caso, constituyendo lo anterior una violación flagrante al debido proceso de ley.[8]

Por su parte, en su *Escrito en Cumplimiento de Resolución,* la Junta acepta que el recurrente presentó la copia del contrato de arrendamiento del hogar propuesto, del que surge el consentimiento de la dueña de la propiedad para que el señor Álvarez Chevalier residiera en el lugar. No obstante, afirma que, aun con el consentimiento de la dueña del inmueble, la denegatoria del privilegio se sostiene por el fundamento de la proximidad entre el hogar propuesto y la residencia de la parte perjudicada. En este punto, resaltó que el análisis de viabilidad no se limitaba a que el Departamento de Corrección y Rehabilitación (DCR) corroborara que el hogar fuera apropiado, sino que la Junta conservaba discreción para evaluar la residencia propuesta, según sus criterios reglamentarios. A tales efectos, explicó que, la residencia propuesta no cumplía con la Sección 10.1 (B), inciso (8)(e)(v)(d), del Art. X del *Reglamento de la Junta de Libertad Bajo Palabra*, Reglamento Núm.

---

[8] *Revisión Administrativa*, *Íd.*, entrada 1.

9684 de 8 de agosto de 2025 (Reglamento Núm. 9684), pues esta queda a menos de quince (15) millas o treinta (30) minutos de distancia de noche en automóvil de la residencia de la parte perjudicada, lo que la hacía una vivienda no viable. Por último, destacó el derecho de la víctima a que se proteja la información de la localización de su residencia, en sobre sellado e inaccesible al candidato evaluado por la Junta.[9]

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II.

### A.

Es norma firmemente establecida que los tribunales apelativos han de conceder gran consideración y deferencia a las decisiones de los organismos administrativos. Ello, dado que las agencias administrativas cuentan con vasta experiencia y conocimiento especializado en cuanto a los asuntos que les han sido encomendados.[10]

Como resultado, la decisión de una agencia administrativa gozará de una presunción de legalidad y corrección que será respetada, siempre que la parte que la impugna no produzca evidencia suficiente para rebatirla.[11]

En cuanto a las determinaciones de hecho que realiza una agencia, éstas serán sostenidas por el tribunal si se basan en evidencia sustancial que obra en el expediente administrativo.[12] Por evidencia sustancial se entiende "aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener

---

[9] *Escrito en cumplimiento de Resolución, Íd.*, entrada 3.
[10] *Moreno Lorenzo y otros v. Depto. Fam.*, 207 DPR 833, 839 (2021), citando a *OCS v. Universal*, 187 DPR 164, 178 (2012); *The Sembler Co. v. Mun. de Carolina*, 185 DPR 800 (2012); *Pagán Santiago, et al. v. ASR*, 185 DPR 341, 358 (2012).
[11] *Transp. Sonnell, LLC v. Jta. Subastas ACT*, 214 DPR 633, 648 (2024); *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 215 (2012).
[12] Sec. 4.5 de la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU), Ley Núm. 38-2017, 3 LPRA sec. 9675.

una conclusión".[13] Por lo tanto, la parte afectada por la decisión administrativa deberá reducir el valor de la evidencia impugnada o demostrar la existencia de otra prueba que sostenga que la actuación del ente administrativo no estuvo basada en evidencia sustancial.[14]

Ahora bien, respecto a las conclusiones de derecho de las decisiones de las agencias administrativas, la *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico* (LPAU), Ley Núm. 38-2017, señala que estas pueden ser revisadas en todos sus aspectos por el tribunal.[15]

Al respecto, recientemente, en *Vázquez v. Consejo de Titulares,*[16] el Tribunal Supremo hizo eco de la decisión del foro federal en el caso *Loper Bright Enterprises v. Raimondo,*[17] y determinó que la interpretación de la ley es una tarea que corresponde inherentemente a los tribunales. En *Vázquez,* el Tribunal Supremo enfatizó la necesidad de que los foros judiciales, en el ejercicio de su función revisora, actúen con el rigor que prescribe la LPAU, *supra.* Puntualizó que, al enfrentarse a un recurso de revisión judicial proveniente de una agencia administrativa, será el deber de los tribunales revisar las conclusiones de derecho en todos sus aspectos. Con ello, nuestro Tribunal Supremo pautó el fin de la deferencia absoluta a las apreciaciones de derecho arribadas por las agencias administrativas.[18] En conclusión, delimitó que la interpretación de la ley es una tarea que le corresponde a los tribunales y, como corolario, estos foros deben revisar las conclusiones de derecho en

---

[13] *Rolón Martínez v. Superintendente*, 201 DPR 26, 36 (2018); *González Segarra et al. v. CFSE*, 188 DPR 252, 277 (2013); *Otero v. Toyota*, 163 DPR 716, 728-729 (2005).
[14] *Otero v. Toyota*, supra, pág. 728.
[15] Sec. 4.5 de la LPAU, 3 LPRA sec. 9675.
[16] *Vázquez v. Consejo de Titulares*, 216 DPR ___ (2025), 2025 TSPR 56 (resuelto el 21 de mayo de 2025).
[17] *Loper Bright Enterprises v. Raimondo*, ___ U.S. ___, 144 S. Ct. 2244, 219 L.Ed.2d 832 (2024)
[18] *Vázquez v. Consejo de Titulares*, supra.

todos sus aspectos; ello, como mecanismo interpretativo del poder judicial.[19]

Por consiguiente, la deferencia concedida a las agencias administrativas únicamente cederá cuando: (1) la determinación administrativa no esté basada en evidencia sustancial; (2) el organismo administrativo haya errado en la aplicación o interpretación de las leyes o los reglamentos que se le ha encomendado administrar; (3) cuando el ente agencial actúe arbitraria, irrazonable o ilegalmente, al realizar determinaciones carentes de una base racional, o (4) cuando la actuación administrativa lesione derechos constitucionales fundamentales.[20]

**B.**

La Ley Núm. 118 de 22 de Julio de 1974, conocida como la *Ley de la Junta de Libertad Bajo Palabra*, según enmendada (Ley de la Junta)[21], creó la referida entidad adscrita al Departamento de Corrección y Rehabilitación (DCR).[22] Esta, posee autoridad para "decretar la libertad bajo palabra de cualquier persona recluida en cualquiera de las instituciones penales de Puerto Rico".[23] "La libertad bajo palabra será decretada para el mejor interés de la sociedad y cuando las circunstancias presentes permitan a la Junta creer, con razonable certeza que tal medida habrá de ayudar a la rehabilitación del delincuente".[24] De esta forma, se permite que una persona convicta y sentenciada a un término de reclusión cumpla la última parte de su sentencia fuera de la institución penal, "sujeto al cumplimiento de las condiciones que se impongan para conceder la libertad".[25] Al conceder el privilegio de libertad bajo palabra, la

---

[19] *Íd.*
[20] *Super Asphalt v. AFI y otros,* 206 DPR 803, 819 (2021); *Torres Rivera v. Policía de Puerto Rico,* 196 DPR 606, 628 (2016); *IFCO Recycling v. Aut. Desp. Sólidos,* 184 DPR 712, 744-745 (2012).
[21] 4 LPRA sec. 1501 *et seq.*
[22] Art. 1 de la Ley de la Junta, 4 LPRA sec. 1501.
[23] Art. 3 de la Ley de la Junta, 4 LPRA sec. 1503.
[24] *Íd.*
[25] *Maldonado Elías v. González Rivera,* 118 DPR 260, 275 (1987).

Junta puede imponer las condiciones que estime necesarias. De esta forma, el liberado tiene una libertad cualificada, pues dichas condiciones restringen sus actividades más allá de las restricciones comunes que se le imponen por ley a cada ciudadano.[26]

En lo atinente, el Art. 3 (a)(6) de la Ley de la Junta, *supra*, establece que, "[p]ara determinar si concede o no la libertad bajo palabra, la Junta tendrá ante sí toda la información posible sobre el historial social, médico, ocupacional y delictivo de cada confinado, incluyendo la actitud de la comunidad respecto a la liberación condicional del sujeto, y una evaluación que deberá someter la Administración de Corrección".[27]

Sin embargo, "el beneficio de la libertad bajo palabra no es un derecho reclamable, sino un privilegio cuya concesión y administración recae en el tribunal o en la Junta".[28] El Artículo 3-D de la Ley de la Junta, *supra*, y el Reglamento Núm. 9684, mejor conocido como *Reglamento de la Junta de Libertad Bajo Palabra* (Reglamento Núm. 9684), de 8 de agosto de 2025, Artículo X, Sección 10.1, establece los criterios específicos que la Junta debe considerar al momento de evaluar la elegibilidad para la concesión de privilegio. En específico, la Sección 10.1 (B), inciso (8)(e)(v)(d), del Art. X del citado reglamento prescribe que:

> Si peticionario cumple sentencia por alguno de los siguientes delitos, en cualquiera de sus modalidades, incluyendo las tentativas: 1) **asesinato**; 2) delitos contra la indemnidad sexual; 3) secuestro; 4) delitos tipificados en la Ley de Prevención e Intervención con la Violencia Doméstica, Ley Núm. 54 de 15 de agosto de 1989, según enmendada; o, 5) **Robo**, será requisito presentar una **propuesta de residencia que esté a una distancia mayor de 15 millas o 30 minutos de noche en automóvil de la residencia de la parte perjudicada**.[29]

---

[26] *Benítez Nieves v. E.L.A. et al.*, 202 DPR 818, 825 (2019).
[27] 4 LPRA sec. 1503.
[28] *Quiles v. Del Valle*, 167 DPR 458, 475 (2006).
[29] Sección 10.1 (B), inciso (8)(e)(v)(d), del Art. X del Reglamento Núm. 9684. (Énfasis suplido).

Hay que señalar que, básicamente, la información sujeta a evaluación por la Junta surge de los expedientes e informes provistos por el DCR. Esos informes en cuestión serán remitidos a la Junta con dos (2) meses de anticipación a la fecha en que será evaluado el caso.[30]

Así pues, aun cuando la decisión de conceder o denegar los beneficios de libertad bajo palabra descansa en la entera discreción del Estado, y no existe un derecho a obtener tales beneficios, el procedimiento para su concesión debe cumplir con ciertas salvaguardas procesales.[31]

A su vez, el Art. 3-A de la Ley de la Junta, define que "víctima de delito" incluirá cualquier persona contra quien se haya cometido un delito; su tutor; su custodio; su cónyuge sobreviviente; o su pariente hasta el tercer grado de consanguinidad, cuando haya fallecido, fuese menor de edad o estuviera incapacitada para comparecer y prestar testimonio.[32] Entre las protecciones que el estatuto le brinda a la víctima de delito, el Art. 3-B de la Ley de la Junta, establece:

> **Exigir que se mantenga la confidencialidad de la información sobre su dirección residencial** y de negocios, así como los números telefónicos, cuando las circunstancias particulares del caso y la seguridad personal de la víctima y de sus familiares lo ameriten. Al igual que cualquier documento, papel, fotografía que contenga esta información y que se encuentre bajo custodia de la Junta y de sus empleados, exceptuando aquellos casos conforme lo dispone la Ley Núm. 22 de 22 de Abril de 1988 (25 LPRA § 973 *et seq.*), según enmendada.[33]

A tenor con ello, el Artículo XVI, inciso (E) del Reglamento Núm. 9684 dispone que:

> **La información relacionada a la dirección residencial y de negocios, así como los números telefónicos de las víctimas, se mantendrá confidencial. Ningún informe, papel, dibujo, fotografía o documento que contenga dicha**

---

[30] Sección 10.2 del Reglamento Núm. 9684.
[31] *Maldonado Elías v. González Rivera*, supra, págs. 275-276.
[32] 4 LPRA sec. 1503a.
[33] 4 LPRA sec. 1503b. (Énfasis suplido).

**información y esté bajo la custodia de la Junta, estará disponible para inspección pública**, a menos que la información de la dirección y teléfono de la víctima haya sido omitida. Ningún funcionario o empleado público divulgará la información sobre la dirección y teléfonos de la víctima, salvo en las instancias establecidas en el Artículo 2(c) de la Ley Núm. 22 de 22 de abril de 1988, según enmendada, mejor conocida como la *Carta de Derechos de las Víctimas y Testigos de Delito*.  (Énfasis suplido).

También, el Artículo VIII, Sección 8.1, inciso (9), del Reglamento Núm. 9684 exige la confidencialidad de la información de la dirección residencial de la víctima de delito.

### III.

En su único planteamiento de error, el recurrente argumenta que la Junta abusó de su discreción al denegarle el privilegio de libertad bajo palabra bajo el fundamento de que no contaba con una propuesta viable de vivienda, dada la proximidad entre el hogar propuesto y la residencia de la parte perjudicada, cuando no se le proveyó la información referente a la aludida distancia. Anota que la omisión de la información lo colocó en un estado de indefensión y que tal actuación por parte de la Junta fue una ilegal, irrazonable y contrario a su derecho a un debido proceso de ley, así como a los parámetros establecidos en el Reglamento Núm. 9684.

Según se desprende de la determinación de hecho atinente en resolución recurrida:

11. La parte peticionaria propuso residir junto a su progenitora, Martha I. Chevalier, en la Urb. Caparra Terrace, Calle 16 SE #1224 en el municipio de San Juan, Puerto Rico. Del informe de corroboración realizado por el Programa de Comunidad Metropolitano del DCR se desprende que el peticionario es aceptado en el referido hogar tanto por su madre como por la comunidad. No obstante, se señala que la vivienda es alquilada y no consta evidencia que acredite el consentimiento directo de la propietaria para que el peticionario resida en el lugar. Además, la residencia propuesta se encuentra a una distancia menor de 15 millas o 30 minutos de noche en automóvil de la residencia de la parte perjudicada. Por las razones antes expuestas, se determina que la propuesta de hogar no es viable.[34]

---

[34] *Resolución*, SUMAC-T, *Apéndice del recurso*, entrada 1, Anejo XVII, pág. 2.

En cuanto al consentimiento de la dueña de la vivienda alquilada propuesta, en el apéndice del recurso consta la *Moción Informativa y Solicitud de Información al Amparo del Debido Proceso de Ley,* presentada por el recurrente ante Junta el 27 de agosto de 2025, a la que anejó copia de la renovación del contrato de arrendamiento de la propiedad en cuestión que expresamente contiene el consentimiento de la propietaria del hogar propuesto para que el recurrente resida en el lugar.[35]

Con relación a la vivienda propuesta, surge del *Informe Breve de Libertad Bajo Palabra* sometido ante la Junta el 24 de marzo de 2025, que la residencia fue corroborada por el DCR como parte del plan de salida propuesto. El informe nada menciona en cuanto a la distancia existente entre la residencia propuesta y la vivienda de la parte perjudicada. [36] Por ello, el recurrente aduce que la distancia entre las residencias no formó parte del expediente, y que la Junta basó su decisión en información obtenida *ex parte* y sin haberle concedido la oportunidad de examinarla y rebatirla.

Según expuesto, la Junta conserva discreción para evaluar la residencia propuesta, a tenor con sus criterios reglamentarios, los cuales le facultan tomar en consideración la distancia entre la residencia propuesta y la vivienda de la parte perjudicada. Revisada la resolución recurrida, así como el anejo confidencial presentado, surge que el señor Álvarez Chevalier extingue una sentencia por delitos de asesinato y tentativa de robo, para los que el citado Reglamento Núm. 9684 exige una "propuesta de residencia que este a una distancia mayor de 15 millas o 30 minutos de noche en automóvil de la residencia de la parte perjudicada". En este caso, la distancia entre la residencia propuesta por el señor Álvarez

---

[35] *Moción Informativa y Solicitud de Información al Amparo del Debido Proceso de Ley* y *Contrato de Arrendamiento,* a la Cláusula 9, *Íd.,* Anejo XIV y Anejo XV, págs. 38-39.
[36] *Informe Breve de Libertad Bajo Palabra, Íd.*, Anejo XII.

Chevalier y la parte perjudicada es menor de quince (15) millas o treinta (30) minutos de distancia de noche en automóvil de la residencia de la parte perjudicada. Ello hace la residencia propuesta una no viable.

De otra parte, tanto la Ley de la Junta, *supra*, como el Reglamento Núm. 9684, *supra*, prohíben la divulgación de la dirección de la residencia de la parte perjudicada o víctima de delito, estableciendo que ni el confinado, ni su representación legal tendrán acceso a esa información. Así que, en atención a los elementos de confidencialidad que permean la situación de autos, concluimos que la determinación recurrida estuvo dentro los parámetros establecidos en la ley y el reglamento citados, y las garantías procesales del debido proceso de ley le fueron provistas al señor Álvarez Chevalier, de conformidad con tales consideraciones.

Como se ha dicho, las determinaciones de hechos de los organismos administrativos tienen a su favor una presunción de regularidad y corrección que debe ser respetada mientras la parte que las impugne no produzca evidencia suficiente para derrotarlas. Tras el análisis cuidadoso del expediente del caso, con su anejo confidencial adjunto, el derecho aplicable y las posturas de las partes, resolvemos que la Junta no cometió el error señalado y determinó correctamente no conceder el privilegio de libertad bajo palabra al señor Álvarez Chevalier. La Junta, dentro de su discreción, y en virtud de la información provista, determinó que no correspondía conceder el privilegio según solicitado. En su dictamen, la Junta no abusó de la discreción que le fue conferida por la Ley de la Junta y el Reglamento Núm. 9684. Tampoco incurrió en arbitrariedad o errores en sus conclusiones de derecho. Procede, pues, confirmar la *Resolución* recurrida.

## IV.

Por los fundamentos que anteceden, *confirmamos* la *Resolución* recurrida.

Notifíquese.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones